Colcock, J.,
was 'of opinion the bond was sufficient to .answer the intent of the A. A.
Nott, J.
The bond not good. The administrator cannot plead performance of his duty under it, although he may have done his duty. The A. A. repeals the stat. of Ch. The act does not sanction what the Ordinary may do according to the condition of this bond.
Smith, J.,
of the same opinion. The Ordinary may make a limitation and appointment contrary to law, and the administrator acting pursuant to the decree of the Ordinary, would comply with the condition of his bond, contrary to the intent of the A. A. of 1789.
BREVARD, J., contra.
An ungracious defence against a bona fide bond. The bond is favorable for the administrator, and good on common law principles, not being unlawful, or against State policy. ' Nothing in the A. A. declaring that any bond not taken pursuant thereto, shall be void. Implied repeals of beneficial laws are not favored. A good bond under the statute. The party injured by not taking a mere beneficial bond pursuant to the A. A., may have his remedy against the Ordinary, but the defendant has no right' to complain. He voluntarily gave tbe bond, which is not unlawful in itself. It was not unlawful at common law to give caution. It was sometimes required of administrators, although not authorized by statute. 2 Stra. 1137. 1 Com. Dig. 366. Plow. 278, 280. 1 Com. on Contr. Part 1, ch. 111. 2 Stra. 1125. 2 Wils. 69. Plow. 113. 3 P. Wms. 461.